STAN S. MALLISON (Bar No. 184191)
StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
HectorM@TheMMLawFirm.com
HEATHER M. HAMILTON (Bar No. 332545)
HHamilton@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Counsel for PLAINTIFFS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA BARRERA, BARTOLA CISNEROS, ARTEMIZA ROSAS, NELI SERRANO, LETICIA CASTILLO, VERONICA TORRES, PATRICIA AVALOS, and RAQUEL SALAZAR, on behalf of themselves and those similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>PRIMA FRUTTA PACKING, INC., A. SAMBADO & SON, INC., PRIMAVERA MARKETING, INC., TIMOTHY SAMBADO, PRIMA NOCE PACKING, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**CIVIL CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED;<br>2. AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED;<br>3. CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT OF 1959;<br>4. BUSINESS AND PROFESSIONS CODE SECTION 17200.<br><br>**DEMAND FOR JURY TRIAL** |

IRMA BARRERA, BARTOLA CISNEROS, ARTEMIZA ROSAS, NELI SERRANO, LETICIA CASTILLO, VERONICA TORRES, PATRICIA AVALOS, and RAQUEL SALAZAR (hereinafter collectively referred to as "Plaintiffs" or "PLAINTIFFS") bring this class action against PRIMA FRUTTA PACKING, INC., A. SAMBADO & SON, INC., PRIMAVERA MARKETING, INC., TIMOTHY SAMBADO, PRIMA NOCE PACKING, INC., and DOES 1 through 20 (hereinafter collectively referred to as "Defendants" or "DEFENDANTS"). The allegations in this complaint are made on PLAINTIFFS' personal knowledge, except the allegations made upon information and belief, which are based upon the investigation of counsel.

## I. **INTRODUCTION**

1. This action is brought by PLAINTIFFS against DEFENDANTS to recover all relief available to PLAINTIFFS under law. The claims herein arise from DEFENDANTS' wrongful conduct relating to the employment of PLAINTIFFS by DEFENDANTS.

2. PLAINTIFFS assert the claims herein pursuant Title VII of the Civil Rights Act of 1964, as *amended*, the Age Discrimination in Employment Act of 1967, as *amended*, California's Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq*., California Business and Professions Code §§ 17200 *et seq*., and any other applicable statutory and common law.

3. PLAINTIFFS were agricultural production employees of Defendants PRIMA FRUTTA PACKING, INC. ("PRIMA FRUTTA"), A. SAMBADO & SON, INC. ("SAMBADO & SON"), PRIMAVERA MARKETING, INC. ("PRIMAVERA"), TIMOTHY SAMBADO ("SAMBADO"), and PRIMA NOCE PACKING, INC. ("PRIMA NOCE") in California. During PLAINTIFFS' employment with DEFENDANTS, PLAINTIFFS and the proposed Class were unlawfully discriminated against and harassed on the basis of their sex, age, and national origin. PLAINTIFFS were retaliated against for participation in protected activity.

4. The true names and capacities of DEFENDANTS named as Doe 1 through Doe 20, inclusive, are presently unknown to PLAINTIFFS. PLAINTIFFS will amend this complaint, setting forth the true names and capacities of these fictitious DEFENDANTS when they are

- 2 -

ascertained. PLAINTIFFS are informed and believes and, on that basis, alleges that each of the fictitious DEFENDANTS have participated in the acts alleged in this complaint to have been done by the named DEFENDANTS.

5. As a result of the violations described herein, PLAINTIFFS bring this class action on behalf of a Class of non-exempt females employed by any defendant at any time within four (4) years of the filing of this Complaint through the final disposition of this action, the Sub-Class of all non-exempt female employees over the age of 40 employed by any defendant at any time within four (4) years of the filing of this Complaint through the final disposition of this action, and the Sub-Class of all non-exempt Latina female employees employed by any defendant at any time within four (4) years of the filing of this Complaint through the final disposition of this action.

6. PLAINTIFFS are informed and believe and on that basis allege that, at all relevant times, each of DEFENDANTS, whether named or fictitious, was acting as the agent of every other defendant, and all acts alleged to have been committed by any defendant were committed by DEFENDANTS, and/or agents, servants or employees of DEFENDANTS, and DEFENDANTS directed, authorized, or ratified each of these acts. PLAINTIFFS allege that DEFENDANTS, and each of them, were the agents, employees, co-conspirators, business affiliates, subsidiaries, parent entities and or owners, and/or alter egos of the other DEFENDANTS, and each of them, and in doing the things alleged herein were acting at least in part within the course and scope of such agency, employment, conspiracy, joint employer and/or alter ego status and with the permission and consent of each of the other DEFENDANTS.

## II. PARTIES

### A. PLAINTIFFS

7. PLAINTIFFS are, and at all relevant times were individuals residing in the State of California. At all relevant times herein, PLAINTIFFS worked as non-exempt employees of DEFENDANTS.

8. Plaintiff IRMA BARRERA ("BARRERA") was an employee of DEFENDANTS in

- 3 -

California. Plaintiff BARRERA asserts the claims herein pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, California's Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq.*, California Business and Professions Code §§ 17200 *et seq.*, and any other applicable statutory and common law

9. Plaintiff BARTOLA CISNEROS ("CISNEROS") was an employee of DEFENDANTS in California. Plaintiff CISNEROS asserts the claims herein pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, California's Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq.*, California Business and Professions Code §§ 17200 *et seq.*, and any other applicable statutory and common law.

10. Plaintiff ARTEMIZA ROSAS ("ROSAS") was an employee of DEFENDANTS in California. Plaintiff ROSAS asserts the claims herein pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, California's Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq.*, California Business and Professions Code §§ 17200 *et seq.*, and any other applicable statutory and common law.

11. Plaintiff NELI SERRANO ("SERRANO") was an employee of DEFENDANTS in California. Plaintiff SERRANO asserts the claims herein pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, California's Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq.*, California Business and Professions Code §§ 17200 *et seq.*, and any other applicable statutory and common law.

12. Plaintiff LETICIA CASTILLO ("CASTILLO") was an employee of DEFENDANTS in California. Plaintiff CASTILLO asserts the claims herein pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, California's Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq.*, California Business and Professions Code §§ 17200 *et seq.*, and any other applicable statutory and common law.

13. Plaintiff VERONICA TORRES ("TORRES") was an employee of DEFENDANTS in California. Plaintiff TORRES asserts the claims herein pursuant to Title VII of the Civil Rights

- 4 -

Act of 1964, the Age Discrimination in Employment Act of 1967, California's Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq.*, California Business and Professions Code §§ 17200 *et seq.*, and any other applicable statutory and common law.

14. Plaintiff PATRICIA AVALOS ("AVALOS") was an employee of DEFENDANTS in California. Plaintiff AVALOS asserts the claims herein pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, California's Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq.*, California Business and Professions Code §§ 17200 *et seq.*, and any other applicable statutory and common law.

15. Plaintiff RAQUEL SALAZAR ("SALAZAR") was an employee of DEFENDANTS in California. Plaintiff SALAZAR asserts the claims herein pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, California's Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq.*, California Business and Professions Code §§ 17200 *et seq.*, and any other applicable statutory and common law.

### B. DEFENDANTS

16. On information and belief, and at all times relevant, Defendant PRIMA FRUTTA PACKING, INC. ("PRIMA FRUTTA"), conducted and conducts business in San Joaquin County. At all times relevant, Defendant PRIMA FRUTTA owned, controlled, or operated a business or establishment that employed persons, and operated as a direct or joint employer of Plaintiffs in this case. During all times relevant alleged herein, Defendant PRIMA FRUTTA employed Plaintiffs as non-exempt employees and committed in California and in this County the acts and/or caused the violations complained of herein.

17. On information and belief, and at all times relevant, DEFENDANT A. SAMBADO & SON, INC. ("SAMBADO & SON"), conducted and conducts business in San Joaquin County. At all times relevant, DEFENDANT SAMBADO & SON owned, controlled, or operated a business or establishment that employed persons, and operated as a direct or joint employer of

- 5 -

Plaintiffs in this case. During all times relevant alleged herein, DEFENDANT SAMBADO & SON employed Plaintiffs as non-exempt employees and committed in California and in this County the acts and/or caused the violations complained of herein.

18. On information and belief, and at all times relevant, Defendant PRIMAVERA MARKETING, INC, ("PRIMAVERA"), conducted and conducts business in San Joaquin County. At all times relevant, Defendant PRIMAVERA owned, controlled, or operated a business or establishment that employed persons, and operated as a direct or joint employer of Plaintiffs in this case. During all times relevant alleged herein, Defendant PRIMAVERA employed Plaintiffs as non-exempt employees and committed in California and in this County the acts and/or caused the violations complained of herein.

19. On information and belief, and at all times relevant, Defendant TIMOTHY SAMBADO ("SAMBADO"), conducted and conducts business in San Joaquin County. At all times relevant, Defendant SAMBADO owned, controlled, or operated a business or establishment that employed persons, and operated as a direct or joint employer of Plaintiffs in this case. During all times relevant alleged herein, Defendant SAMBADO employed Plaintiffs as non-exempt employees and committed in California and in this County the acts and/or caused the violations complained of herein.

20. On information and belief, and at all times relevant, DEFENDANT PRIMA NOCE PACKING, INC. ("PRIMA NOCE"), conducted business and conducts business in San Joaquin County. At all times relevant, DEFENDANT PRIMA NOCE owned, controlled, or operated a business or establishment that employed persons, and operated as a direct or joint employer of PLAINTIFFS in this case. During all times relevant alleged herein, DEFENDANT PRIMA NOCE employed PLAINTIFFS as non-exempt employees and committed in California and in this County the acts and/or caused the violations complained of herein.

21. The acts and failures to act alleged herein were duly performed by and attributable to all DEFENDANTS, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, and/or integrated enterprise, as the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency

- 6 -

and/or employment, and each DEFENDANT participated in, approved of and/or ratified the unlawful acts and omissions by the other DEFENDANTS complained of herein.

22. The true names and capacities of DEFENDANTS named as Doe 1 through Doe 20, inclusive, are presently unknown to PLAINTIFFS. PLAINTIFFS will amend this complaint, setting forth the true names and capacities of these fictitious DEFENDANTS when they are ascertained. PLAINTIFFS are informed and believes and, on that basis, alleges that each of the fictitious DEFENDANTS have participated in the acts alleged in this complaint to have been done by the named DEFENDANTS.

23. Whenever and wherever reference is made in this Complaint to any act by a DEFENDANT, such allegations and reference shall also be deemed to mean the acts and failures to act of each DEFENDANT acting individually, jointly, and/or severally.

### III.    JURISDICTION AND VENUE

24. This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. §1331, as this case involves questions of federal law.

25. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

26. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

27. PLAINTIFFS timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair

- 7 -

Employment and Housing ("DFEH"), under those agencies' work-sharing agreement. On or about May 17, 2021, the EEOC issued PLAINTIFFS Notices of Right to Sue.

28. PLAINTIFFS have timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

### V.      FACTUAL ALLEGATIONS

29. PLAINTIFFS and similarly situated employees were repeatedly subject to supervisors' repeated discriminatory comments and actions. Women were subjected to insults and yelling about their sex, and sporadic or reduced scheduling, and were monitored in the bathroom, where similarly situated male employees were not subjected to such treatment. Older women employees were subjected to insults and yelling about their age, were isolated or threatened with isolation implied from observing other older workers being isolated, and subject to sporadic or reduced scheduling, where similarly situated younger employees were not subjected to such treatment.

30. Graciela Canales ("Canales"), a Supervisor employed by DEFENDANTS, referred to PLAINTIFFS and similarly situated employees as "Viejas huevonas" ("Lazy old women") and "yonques" ("junk/junkyard"). PLAINTIFFS and similarly situated employees personally heard Supervisor Canales using these terms on several occasions. She used the derogatory terms frequently, generally when the group that she supervised was falling behind, and not working as quickly as she wanted them to. Canales blamed the fact that many of the workers were older women for their perceived inadequacies.

31. DEFENDANT SAMBADO harassed, insulted, and otherwise mistreated employees because of their age and sex. He frequently made disparaging comments towards and about older female employees, calling them names such as "Mexican Donkeys," and other racist terms. PLAINTIFFS and witnesses recall DEFENDANT SAMBADO calling older women misogynistic and derogatory terms including "bitches" and "ladybitches." DEFENDANT SAMBADO yelled these insults at groups of female workers.

32. DEFENDANTS monitored the bathrooms, and otherwise restricted bathroom access

- 8 -

for older female workers. Female workers would avoid going to the bathroom for as long as they could, because Supervisor Canales frequently reprimanded workers for their bathroom breaks, especially those she deemed "too long." One older female employee defecated on herself at work because she was prohibited from using the bathroom. DEFENDANTS would keep track of the time workers spent in the bathroom by having an employee stand close to the bathrooms with a list writing down the ID numbers of employees and the time they entered and exited the bathroom. Supervisor Canales went into the bathrooms, knocked on stalls and told employees to hurry up. Supervisor Canales also looked under the bathroom stalls or held her cell phone under the bathroom stall doors to watch older females in the reflection of the screen.

33. Supervisors Sonia Navarrete and Graciela Canales, employed by DEFENDANTS, punished older female workers for not working as quickly as Supervisors Navarrete and Canales expected them to. There was a policy at DEFENDANTS' facilities of rotating workers between different tasks, but when older women were sent to work with Canales, Canales often sent them away saying they did not work fast enough for her. These women would then be sent to sort fruit in isolated areas, sometimes referred to as "yonques" ("junkyard").

34. Older female employees were punished for complaining, or for talking to other workers, by being sent to work in isolation. The isolated areas to which they were sent were often visible from the areas where other coworkers were working. It was common knowledge that being sent to these areas was punishment.

35. Several older females who worked for DEFENDANTS were sent to work in isolation shortly after making complaints to management.

36. Older female workers were sent home early from work and told by supervisors that they would be called back in when they were needed. Older female workers often waited several days to be called back in to work, knowing that they were expected to be available if they were to keep their jobs, but receiving no pay for the time they spent waiting to be called back in. Older females were assigned fewer hours of work, and therefore received less overtime than male employees and younger employees.

37. DEFENDANTS segregated employees by sex, generally employing women as

- 9 -

sorters, and sometimes supervisors, and employing men in various different roles with less pressure to work quickly. When women applied for jobs, administrative staff did not consider them for roles that DEFENDANTS designated for men, such as forklift operators or cleaning staff. The roles fulfilled by men generally required an earlier arrival time and a later exit time. As a result, women were employed in roles which entailed fewer work hours with less overtime, and therefore lower pay.

38. Complaints were made by a large group of DEFENDANTS' employees in 2014 and 2018. Several employees submitted written complaints to DEFENDANTS' office. The complaints regarding DEFENDANTS' discriminatory conduct were made to no avail.

39. The effect of the practices complained of above has been to deprive PLAINTIFFS and the CLASS of the ability to be free from discrimination and/or retaliation.

40. The women subjected to discriminatory treatment suffered from stress, physical pain and psychological afflictions. The acts complained of above were intentional and caused PLAINTIFFS and the CLASS to suffer severe emotional distress. These acts were done with malice and/or with reckless indifference to PLAINTIFFS and the CLASS' rights.

## VI. CLASS ACTION ALLEGATIONS

41. PLAINTIFFS incorporate allegations from the previous paragraphs of the Complaint alleging class-based discrimination against DEFENDANTS' female employees.

42. PLAINTIFFS bring this action on behalf of themselves and all others pursuant to Rule 23 of the Federal Rules of Civil Procedure, on the basis that there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable. PLAINTIFFS seek to represent the following Class:

> All non-exempt female employees employed by any defendant at any time within four (4) years of the filing of this Complaint through the final disposition of this action.

Additionally, PLAINTIFFS seek to represent the following Sub-Classes:

- 10 -

(1) All non-exempt female employees over the age of 40 employed by any defendant at any time within four (4) years of the filing of this Complaint through the final disposition of this action;

(2) All non-exempt Latina female employees employed by any defendant at any time within four (4) years of the filing of this Complaint through the final disposition of this action.

43. On information and belief, the injury and loss of money to Class Members is substantial and exceeds the minimum jurisdiction of this Court. PLAINTIFFS and the Class were regularly subjected to the violations described in this Complaint.

44. PLAINTIFFS reserve the right to amend or modify the class description with greater specificity or further division into subclasses, as well as to limit the class or subclasses to particular issues, as warranted.

## A. Numerosity

45. The Class that PLAINTIFFS seek to represent is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, PLAINTIFFS are informed and believe that the Class is comprised of more than 100 individuals.

46. On information and belief, PLAINTIFFS allege that DEFENDANTS' employment records will provide information as to the number and location of all Class Members.

## B. Commonality

47. There are questions of law and fact that are common to the Class and predominate over individualized questions. These common questions of law and fact include, without limitation: (a) whether DEFENDANTS violated Title VII of the Civil Rights Act of 1964 by discriminating against employees on the basis of sex; (b) whether DEFENDANTS violated Title VII of the Civil Rights Act of 1964 by discriminating against employees on the basis of national origin; (c) whether DEFENDANTS violated the Age Discrimination in Employment Act of 1967 by discriminating against employees over the age of 40; (d) whether DEFENDANTS violated the California Fair

- 11 -

Employment and Housing Act by discriminating against employees on the basis of sex, (e) whether DEFENDANTS violated the California Fair Employment and Housing Act by retaliating against employees; and, (f) whether DEFENDANTS violated the California Fair Employment and Housing Act by failing to prevent discrimination.

48. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**C. Typicality**

49. The PLAINTIFFS' claims are typical of the claims of the proposed class. The PLAINTIFFS possess and assert each of the claims they assert on behalf of the proposed Class. They pursue the same factual and legal theories and seek similar relief.

50. Like members of the proposed Class and Sub-Classes, the Class Representatives are Latina female employees over the age of 40.

51. Differential treatment between male and female employees occurs as a pattern and practice of DEFENDANTS. This differential treatment has affected the Class Representatives and the Class members in the same or similar ways.

52. Differential treatment between younger and older employees occurs as a pattern and practice of DEFENDANTS. This differential treatment has affected the Class Representatives and the Class members in the same or similar ways.

53. Differential treatment between Latina and non-Latina employees occurs as a pattern and practice of DEFENDANTS. This differential treatment has affected the Class Representatives and the Class members in the same or similar ways.

54. DEFENDANTS have failed to respond adequately or appropriately to evidence and complaints of discrimination. The Class Representatives and Class members have been affected in the same or similar ways by the DEFENDANTS' failure to implement adequate procedures to detect, monitor, and correct this pattern and practice of discrimination.

- 12 -

55. DEFENDANTS have failed to create adequate procedures to ensure its executive leadership complies with equal employment opportunity laws regarding each of the policies, practices, and procedures referenced in this Complaint, and DEFENDANTS have failed to discipline adequately others in Firm leadership when they violate anti-discrimination laws. These failures have affected the Class Representatives and the Class members in the same or similar ways.

56. The relief necessary to remedy the claims of the Class Representatives is the same as that necessary to remedy the claims of the proposed Class members.

**D. Adequacy**

57. The Class Representatives' interests are coextensive with those of the members of the proposed Class.

58. The Class Representatives are willing and able to represent the proposed Class fairly and vigorously as they pursue their similar individual claims in this action.

59. The Class Representatives have retained counsel sufficiently qualified, experienced, and able to conduct this litigation and to meet the time and fiscal demands required to litigate an employment discrimination class action of this size and complexity. The combined interests, experience, and resources of the Class Representatives and their counsel to litigate competently the class claims at issue in this case.

## VI. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
SEX-BASED DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
**(42 U.S.C. § 2000e-2(a))**
ALL PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS

60. PLAINTIFFS incorporate all paragraphs of this Complaint as if fully set forth herein.

61. This claim is brought on behalf of PLAINTIFFS and all members of the class.

62. Title VII of the Civil Rights Act of 1964, *as amended*, makes it unlawful for an

- 13 -

employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

63. DEFENDANTS discriminated against PLAINTIFFS and the CLASS by treating them differently from their male coworkers, including in assignment, wages and compensation, and terms and conditions of employment because of their sex.

64. PLAINTIFFS' and the CLASS' sex was the determining factor and/or motivating factor in DEFENDANTS' actions.

65. As a direct, legal and proximate result of the discrimination, PLAINTIFFS and the CLASS have sustained, and will continue to sustain, economic damages to be proven at trial. As a result of DEFENDANTS' actions, PLAINTIFFS and the CLASS have suffered emotional distress, resulting in damages in an amount to be proven at trial. PLAINTIFFS and the CLASS further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

66. DEFENDANTS' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to PLAINTIFFS' and the CLASS' right to be free from discrimination based on sex.

67. PLAINTIFFS and THE CLASS are entitled to reasonable attorneys' fees and costs of suit.

**SECOND CLAIM FOR RELIEF**
SEX-BASED DISCRIMINATION IN VIOLATION OF FEHA
**(CALIFORNIA GOVERNMENT CODE § 12940, *ET SEQ.*)**
ALL PLAINTIFFS AND THE  CLASS AGAINST ALL DEFENDANTS

68. PLAINTIFFS incorporate all paragraphs of this Complaint as if fully set forth

- 14 -

herein.

69. This claim is brought on behalf of PLAINTIFFS and all members of the CLASS.

70. Defendant has discriminated against PLAINTIFFS and similarly-situated employees in violation of the FEHA, Cal. Gov. Code § 12940, *et seq.,* by subjecting them to different and adverse treatment on the basis of sex.

71. PLAINTIFFS and similarly-situated employees have suffered both disparate impact and disparate treatment as a result of DEFENDANTS' conduct.

72. DEFENDANTS have discriminated against PLAINTIFFS and similarly-situated employees by treating them differently from and less preferably than similarly-situated male employees and by subjecting female employees to discriminatory hiring practices, discriminatory (lesser) pay and benefits, discriminatory terms and conditions of employment, and other forms of discrimination, in violation of the FEHA.

73. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of PLAINTIFFS and similarly-situated female employees, entitling them to punitive damages.

74. As a result of DEFENDANTS' conduct alleged in this complaint, PLAINTIFFS and similarly situated older employees have suffered and continue to suffer harm, including but not limited to lost wages and benefits, diminished employment opportunities, and humiliation, embarrassment, emotional and physical distress, and mental anguish.

75. DEFENDANTS' policies, practices and/or procedures have produced a disparate impact on PLAINTIFFS and similarly-situated female employees with respect to their employment, wages and other terms and conditions of employment.

76. By reason of DEFENDANTS' discrimination, Plaintiffs and similarly-situated female employees are entitled to all legal and equitable remedies available for violations of FEHA, including an award of compensatory and punitive damages.

77. Attorneys' fees should be awarded under Cal. Gov. Code § 12940 and California Code of Civil Procedure § 1021.5.

## THIRD CLAIM FOR RELIEF
### NATIONAL ORIGIN-BASED DISCRIMINATION (HOSTILE WORK ENVIRONMENT) IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
### (42 U.S.C. § 2000e-2(a))
### ALL PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS

78.     PLAINTIFFS incorporate all paragraphs of this Complaint as if fully set forth herein.

79.     This claim is brought on behalf of PLAINTIFFS and all members of the CLASS.

80.     Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons on the basis of their national origin. PLAINTIFFS were subjected to harassment by DEFENDANTS' agents and employees, because of their national origin, Latina.

81.     DEFENDANTS' agents and employees' conduct was not welcomed by PLAINTIFFS and the CLASS.

82.     DEFENDANTS' agents' and employees' conduct was undertaken because of PLAINTIFFS' and the CLASS' national origin, Latina.

83.     The conduct was so severe or pervasive that reasonable persons in PLAINTIFFS' and the CLASS' positions would find their work environment to be hostile or abusive.

84.     PLAINTIFFS and the CLASS believed their work environment to be hostile or abusive as a result of Defendants' agents' and employees' conduct.

85.     Management level employees knew, or should have known, of the abusive conduct. PLAINTIFFS and the CLASS provided management level personnel with information sufficient to raise a probability of national origin harassment in the mind of a reasonable employer. Moreover, the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

86.     DEFENDANTS did not exercise reasonable care to prevent harassment in the workplace on the basis of national origin, and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

87.     As a direct, legal and proximate result of the discrimination, PLAINTIFFS and the

CLASS have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

88. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to PLAINTIFFS' and the CLASS' right to be free from discrimination based on national origin.

89. PLAINTIFFS and the CLASS are entitled to their reasonable attorneys' fees and costs of suit.

**FOURTH CLAIM FOR RELIEF**
UNLAWFUL INTENTIONAL AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED
(**29 U.S.C. §§ 623**)
ALL PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS

90. PLAINTIFFS incorporate all paragraphs of this Complaint as if fully set forth herein.

91. This claim is brought on behalf of PLAINTIFFS and all members of the CLASS.

92. The subjection of PLAINTIFFS to disparate treatment and adverse employment actions by DEFENDANTS in whole or in substantial part because of PLAINTIFFS' age, in violation of ADEA.

93. DEFENDANTS' violation of the ADEA was willful, malicious, and/or done with reckless disregard to PLAINTIFFS' and the CLASS' right to be free from discrimination based on age.

94. As a direct, legal and proximate result of the discrimination, PLAINTIFFS and the CLASS have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

95. PLAINTIFFS and the CLASS are entitled to their reasonable attorneys' fees and costs of suit.

- 17 -

**FIFTH CLAIM FOR RELIEF**
RETALIATION IN VIOLATION OF FEHA
**(CAL. GOV. CODE 12940(H))**
ALL PLAINTIFFS AGAINST ALL DEFENDANTS

96.     PLAINTIFFS incorporate all paragraphs of this Complaint as if fully set forth herein.

97.     PLAINTIFFS allege that they suffered retaliation and harm in violation of Cal. Gov. Code 12940(h) because of their protected activity, namely, complaining about discrimination.

98.     As a result of DEFENDANTS' retaliation, PLAINTIFFS have suffered harm, including but not limited to lost wages and benefits, diminished employment opportunities, isolation, humiliation, embarrassment, emotional and physical distress, and mental anguish.

99.     By reason of DEFENDANTS' unlawful retaliation, PLAINTIFFS are entitled to all remedies available for violations of the anti-retaliation provision of FEHA, including an award of compensatory and punitive damages.

100.    Attorneys' fees should be awarded under Cal. Gov. Code § 12940 and California Code of Civil Procedure § 1021.5.

**SIXTH CLAIM FOR RELIEF**
FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA
**(CALIFORNIA GOVERNMENT CODE § 12940, *ET SEQ.*)**
ALL PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS

101.    PLAINTIFFS incorporate all paragraphs of this Complaint as if fully set forth herein.

102.    This claim is brought on behalf of PLAINTIFFS and all members of the CLASS.

103.    At all relevant times mentioned herein, California Government Code Section 12940, *et seq.* was in full force and effect and binding upon DEFENDANTS and their employees. Section 12940(k) provides that it is an unlawful employment practice for an employer "to fail to take all reasonable steps necessary to prevent discrimination … from occurring."

104.    Through its acts and omissions, DEFENDANTS failed in its affirmative duty to take all reasonable steps necessary to prevent harassment on the basis of age and on the basis of

- 18 -

sex from occurring in violation of California Government Code § 12940(k).

105.    As a direct and proximate result of DEFENDANTS' unlawful conduct, PLAINTIFFS and the CLASS suffered and will continue to suffer economic and non-economic compensatory damages for which DEFENDANTS are liable, including but not limited to pain and suffering, the loss of past and future salary, wages, benefits, and other privileges and conditions of employment in an amount to be proven at trial.

106.    As a result of DEFENDANTS' unlawful acts, PLAINTIFFS and the CLASS are entitled to compensatory damages, equitable relief, attorneys' fees, and costs.

**SEVENTH CLAIM FOR RELIEF**
UNFAIR COMPETITION
**(CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200 ET SEQ)**
ALL PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS

107.    PLAINTIFFS incorporate all paragraphs of this complaint as if fully set forth herein.

108.    This claim is brought on behalf of PLAINTIFFS and all members of the CLASS.

109.    DEFENDANTS engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 et seq. The actions of DEFENDANTS as alleged within this complaint, create an unlawful and unfair business practices within the meaning of Business and Professions Code §§ 17200 et seq.

110.    As described above, DEFENDANTS committed unlawful and unfair business practices, including discriminating against PLAINTIFFS and the CLASS because of their sex, because of their age, and because of their national origin in violation of the Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the California Fair Employment and Housing Act, Cal. Gov. Code sections 12940 et seq.

111.    DEFENDANTS' activities also constitute unfair practices in violation of Cal. Bus. & Prof. Code §§ 17200 et seq., because DEFENDANTS' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to PLAINTIFFS and the CLASS.

- 19 -

112. As a result of DEFENDANTS' violations, PLAINTIFFS and the CLASS have suffered injury-in-fact and have lost money or property as a result of DEFENDANTS' practices. This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the relevant statutes as detailed in this complaint and other resulting harms. PLAINTIFFS and the CLASS are entitled to restitution, an injunction, declaratory and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

113. As a direct and proximate result of the unfair business practices of DEFENDANTS, PLAINTIFFS and the CLASS are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS and members of the CLASS as a result of the business acts and practices described herein and enjoining DEFENDANTS to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Business and Professions Code §17208 including any tolling.

114. The unlawful and unfair conduct alleged herein is continuing, and there is no indication that DEFENDANT will refrain from such activity in the future. PLAINTIFFS believe and allege that if DEFENDANTS are not enjoined from the conduct set forth in this Complaint, they will continue to violate California and federal laws. PLAINTIFFS further request that the court issue a preliminary and permanent injunction.

115. WHEREFORE, PLAINTIFFS and the CLASS they seek to represent request relief as described herein and below.

## VII.   PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS respectfully request that this Court find against DEFENDANTS as follows:

116. Certify this case as a class action;

117. Designate PLAINTIFFS as Class Representatives and designate PLAINTIFFS'

- 20 -

counsel of record as Class Counsel;

118. Declare that DEFENDANTS' acts, conduct, policies and practices are unlawful and violate Title VII of the Civil Rights Act of 1964;

119. Declare that DEFENDANTS' acts, conduct, policies and practices are unlawful and violate the California Fair Employment and Housing Act;

120. Declare that DEFENDANTS engage in a pattern or practice of age discrimination against older persons and employs policies and practices that have an unlawful disparate impact on older persons in violation of the Age Discrimination in Employment Act of 1967;

121. Declare that DEFENDANTS engage in a pattern or practice of sex discrimination against female persons and employs policies and practices that have an unlawful disparate impact on female persons;

122. Issue a permanent injunction against DEFENDANTS and any and all persons acting in concert with Defendant from engaging in any conduct violating the laws herein;

123. Award PLAINTIFFS and all others similarly situated the value of all compensation and benefits lost and that they will lose in the future as a result of DEFENDANTS' unlawful conduct;

124. Award PLAINTIFFS and all others similarly situated compensatory and punitive damages;

125. Award PLAINTIFFS and all others similarly situated prejudgment interest and attorneys' fees, costs and disbursements, as provided by law;

126. Award PLAINTIFFS and all others similarly situated such other make-whole equitable, injunctive and legal relief as this Court deems just and proper to end the discrimination and fairly compensate PLAINTIFFS and others similarly situated; and

127. Award PLAINTIFFS and all others similarly situated such other relief as this Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

- 21 -

PLAINTIFFS hereby demand trial of their claims by jury to the extent authorized by law.

Respectfully submitted on behalf of PLAINTIFFS and those similarly situated,

Dated: August 13, 2021     MALLISON & MARTINEZ


         By: /s/Hector R. Martinez

         Stan S. Mallison
         Hector R. Martinez
         Heather M. Hamilton
         Attorneys for Plaintiffs