UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA BARRERA, BARTOLA CISNEROS, ARTEMIZA ROSAS, NELI SERRANO, LETICIA CASTILLO, VERONICA TORRES, RAQUEL SALAZAR, MARIA ELENA LOPEZ, and BEATRIZ SALAZAR on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRIMA FRUTTA PACKING, INC., PRIMA NOCE PACKING, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 2:21-cv-01454-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Defendant Prima Noce Packing, Inc.'s ("Noce") Motion for Summary Judgment.[1] (ECF No. 40-1.) Plaintiffs Irma Barrera ("Barrera"), Bartola Cisneros ("Cisneros"), Artemiza Rosas ("Rosas"), Neli Serrano ("Serrano"), Leticia Castillo ("Castillo"), Veronica Torres ("Torres"), Raquel Salazar ("R. Salazar"), Maria Elena Lopez ("Lopez") and

---

[1] On April 5, 2024, the parties filed a stipulation dismissing A. Sambado & Son, Inc., Primavera Marketing, Inc., and Timothy Sambado ("Sambado") from this action. (ECF No. 38.) Defendant Prima Frutta Packing, Inc. ("Frutta") is still a named defendant in this action but does not join in Noce's motion.

1

Beatriz Salazar ("B. Salazar") (collectively, "Plaintiffs") filed an opposition.[2] (ECF No. 41.) Noce filed a reply. (ECF No. 43.) For the reasons set forth below, Noce's motion is DENIED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[3]

The instant action arises from alleged wrongful conduct relating to Plaintiffs' employment with Frutta and Noce. (*See generally* ECF No. 26.) Frutta operates a cherry and apple picking facility in Linden, California, and Noce operates a walnut packing facility in Linden, California. (ECF No. 41-26 at 2–5.) Plaintiffs Barrera, Castillo, Cisneros, Lopez, Rosas, and Serrano ("Frutta Plaintiffs") are, or were, packing and sorting employees of Frutta. (*Id*. at 6–7.) Plaintiffs B. Salazar, R. Salazar, and Torres ("Noce Plaintiffs") were employees of Noce. (*Id*. at 7–8.) Sambado co-owns Frutta and Noce and serves as the Chief Executive Officer and Chief Financial Officer for Noce. (*Id.* at 2, 4.) Frutta does not maintain an ownership interest in Noce, maintains separate business records from Noce, and does not commingle funds with Noce. (*Id.* at 2–3.)

Prior to filing suit, Plaintiffs Barrera, Castino, Cisneros, Rosas, Serrano, B. Salazar, R. Salazar, and Torres filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Department of Fair Employment and Housing ("DFEH"). (ECF No. 26 ¶ 28.) The Frutta Plaintiffs, with the exception of Lopez, filed charges on July 5, 2019 which did not identify Noce as an employer. (ECF No. 41-26 at 18–21.) Noce Plaintiffs filed charges on October 31, 2019 or May 21, 2020 which did not name Noce as an employer. (*Id.*)

On August 13, 2021, Plaintiffs, not including Lopez and B. Salazar, filed this action alleging claims for: (1) sex-based discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) sex-based discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (3) national origin-based discrimination (hostile work environment) in violation of Title VII of the Civil Rights Act of 1964; (4) age discrimination in violation of the Age Discrimination in Employment Act of 1967; (5) retaliation in violation of FEHA; (6) failure to

---

[2]   On May 25, 2023, the parties filed a stipulation dismissing Patricia Avalos from this action. (ECF No. 20.)

[3]   The following facts are undisputed unless otherwise noted. (ECF No. 41-26).

2

prevent discrimination in violation of FEHA; and (7) unfair competition in violation of Cal. Bus. & Prof. Code § 17200. (*See generally* ECF No. 1.)

On November 11, 2022, Cisneros filed a second charge of discrimination which identified Noce as an employer. (ECF No. 41-26 at 18.) On that same day, Lopez filed a charge of discrimination that identified Noce as an employer. (*Id.* at 20–21.)

On June 8, 2023, Plaintiffs filed a First Amended Complaint which named Lopez and B. Salazar for the first time as plaintiffs. (ECF No. 26.) In addition to the aforementioned causes of action, Plaintiffs allege: (1) national origin-based discrimination (hostile work environment) in violation of FEHA; (2) age discrimination in violation of FEHA; (3) retaliation in violation of Title VII of the Civil Rights Act of 1964; (4) retaliation in violation of California Labor Code § 98.6; and (5) tortious termination in violation of California public policy. (*See generally id.*)

On April 11, 2024, Noce filed the instant Motion for Summary Judgment. (ECF No. 40-1.)

## II.  STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id*. at 324 (internal quotation marks omitted). Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing

3

party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. "Where the record taken as a whole could not lead

a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id*. at 587.

### III. ANALYSIS

Noce moves for summary judgment on all claims against it on two grounds. First, Noce argues Frutta Plaintiffs cannot subject Noce to suit, because Noce never employed Frutta Plaintiffs. Second, Noce contends Plaintiffs failed to exhaust their administrative remedies.[4] (ECF No. 40-1 at 6.) The Court will consider each argument in turn.

#### A. Whether Noce was Frutta Plaintiffs' Employer

In cases defining an "employer" under Title VII and FEHA, there is a presumption that separate corporate entities are not co-employers. *Huse v. Auburn Honda*, No. Civ.S-04-0227DFL/JFM, 2005 WL 1398521, at *3 (E.D. Cal. June 10, 2005). This presumption may be overcome if entities are considered a "single employer" or "integrated enterprise." *Id*. The Ninth Circuit follows the majority approach for determining "whether businesses should be treated as a single employer for title VII purposes, and applies the four-part test promulgated by the National Labor Relations Board." *Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211, 1213 (9th Cir. 1989).

The Ninth Circuit treats two entities as one if they have: (1) interrelated operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Id.* When deciding whether entities are an integrated enterprise, courts will consider all four of these factors together, but centralized control of labor is often considered the most important factor. *Huse*, 2005 WL 1398521, at *3 n.3. Under the centralized control of labor factor, the key issue is which entity had the ultimate authority over employment decisions concerning the individual alleging discrimination. *See Morgan*, 884 F.2d at 1214 (concluding an entity exercised no control over another entity's personnel decisions)

Without discussing each factor separately, Plaintiffs state in a conclusory fashion that the

---

[4] Noce also argues it and Frutta are not alter egos of each other or joint employers of Frutta Plaintiffs. (ECF No. 40-1 at 6.) In opposition, Plaintiffs do not respond to Noce's argument and thereby concede the issues. *Sylvester v. Sacramento County Sheriff's Dept.*, No. 2:20-cv-01797-TLN-CKD, 2023 WL 1823486, at *6 (E.D. Cal. Feb. 8, 2023); *see Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff abandoned claims by not raising them in opposition to a motion for summary judgment).

factors "are easily met here" and point to the following facts: Noce and Frutta share office space; Frutta employees supervise Noce employees; Noce produced a Frutta employee as its person most knowledgeable to discuss its employment policies and practices; Noce does not have its own Human Resources department and instead, complaints are investigated by a Frutta Human Resources manager; Frutta manages Noce's employees through a management agreement between the two companies; a single payroll office staffed by Frutta employees serves Frutta and Noce and the Frutta employees set Noce employees' schedule and hours; Sambado co-owns Noce and Frutta and co-owns Noce with a Frutta employee; Sambado is also on the board of both Noce and Frutta; and Frutta and Noce share employees.  (ECF No. 41 at 16-17.)

In reply, Noce neither fully addresses Plaintiffs' arguments nor provides the Court with authority that the facts Plaintiffs asserts are insufficient to create a dispute of material fact as to whether Frutta and Noce are not a single integrated enterprise.  (ECF No. 43 at 6–7.)  Instead, Noce highlights that it maintains separate business records from Frutta, does not commingle funds, and the common management contract between them, alone, does not establish a single integrated enterprise.  (*Id.*)

The Court finds Plaintiffs sufficiently raise a triable issue of fact regarding whether Noce and Frutta are a single integrated enterprise.  More specifically, Plaintiffs' cited evidence illustrates the possibility that Frutta had at least some control over Noce's employees.  *Cf. Morgan*, 884 F.2d at 1214 (finding summary judgment was warranted when the plaintiff presented no evidence disputing Safeway had no control over SAFCU's personnel decisions).

First, Plaintiffs emphasize that Frutta employees supervise Noce employees and Frutta manages Noce's employees under a management agreement.  (ECF No. 41 at 16.)  Noce disputes these facts, arguing Frutta employees may manage and supervise Noce employees on occasion.  (ECF No. 43-1 at 3–4.)  Importantly, neither party cites clarifying evidence regarding the extent and frequency of Frutta's control over Noce employees.  Nonetheless, the Court finds that the difference between occasional management and supervision, as opposed to regular management and supervision, does not rule out the possibility that Frutta exercise some control over Noce's workforce.  *See Morgan*, 884 F.2d at 1214.  For that reason, Noce's characterization of the

evidence, without more, is insufficient to refute the possibility that a single integrated enterprise exists. *See id.*

Further, Plaintiffs contend Noce and Frutta share employees. (ECF No. 41 at 17.) Noce disputes this fact, arguing Noce employees may elect to work on Frutta's production lines if Noce's production lines shut down early. (ECF No. 43-1 at 1–2.) The Court finds this creates a genuine dispute of material fact as to Frutta's alleged control over Noce's employees, particularly since it is unclear whether Noce employees are still under contract with Noce when they elect to work on Frutta's production lines. (*See id.*)

Finally, Plaintiff asserts a Frutta-staffed payroll office sets Noce employees' hours and schedules and therefore, Frutta controls Noce's employees' working conditions. (ECF No. 41 at 16–17.) Noce disputes this fact, arguing the payroll office is merely a singular office building that serves both Noce and Frutta employees. (ECF No. 43-1 at 5.) The Court finds Plaintiffs create a genuine issue of material fact as to Frutta's control over Noce's employees because it is unclear whether a payroll office staffed by Frutta employees constitutes a Frutta payroll office or a "singular office building that serves both Prima Frutta and Prima Noce." (*Id.*) Viewing the evidence in the light most favorable to Plaintiffs, reasonable minds could infer that a payroll office staffed entirely by Frutta employees constitutes a Frutta payroll office.

Accordingly, the Court DENIES Noce's motion for summary judgment as a genuine dispute of fact exists as to whether Noce and Frutta are a single integrated enterprise and thus, whether Noce is Frutta Plaintiffs' employer.

B. <u>Whether Plaintiffs Failed to Exhaust Their Administrative Remedies</u>

Having concluded a genuine dispute of material fact exists as to whether Noce is Frutta Plaintiffs' employer under the single enterprise theory, the Court is unable to determine whether Frutta Plaintiffs have adequately exhausted their administrative remedies. That is, without knowing whether Noce and Frutta can be considered a single joint enterprise, the Court cannot decide as a matter of law as to whether the Frutta Plaintiffs adequately named their employer and exhausted their administrative remedies. Accordingly, the Court only considers whether Noce Plaintiffs have exhausted their administrative remedies.

Noce argues the Noce Plaintiffs failed to name it as their employer in their discrimination charges, thereby failing to exhaust their administrative remedies.[5] (ECF 40-1 at 18–19.) In opposition, Noce Plaintiffs argue: (1) Noce failed to timely raise its administrative exhaustion argument and has therefore waived it and (2) Noce should have anticipated becoming a party to the instant lawsuit because Noce Plaintiffs worked for Noce. (ECF No. 41 at 11–14, 17–18.)

To bring a Title VII claim in federal court,[6] a plaintiff must exhaust administrative remedies by "filing a timely charge with the EEOC, or the appropriate state agency," which allows the agency "an opportunity to investigate the charge" and "serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). Title VII's charge-filing requirement is not jurisdictional, and so long as a party raises an administrative exhaustion argument in responsive pleadings, the issue is not waived. *Fort Bend County, Texas v. Davis*, 587 U.S. 541, 552 (2019); *Machuca v. Brennan*, PE:17-CV-00046-DC-DF, 2020 WL 13610162, at *5 (W.D. Tex. Jan. 28, 2020) (finding that a defendant properly asserted an administrative exhaustion defense by raising it in the answer). Similarly, if a plaintiff fails to name or reference an individual defendant in her administrative charge, he or she is deemed to have failed to exhaust his or her administrative remedy and thus cannot later bring a civil suit under FEHA against that individual. *See Noel*, 2007 WL 3034815, at *6. For that reason, when Title VII and FEHA claims overlap, the EEOC and DFEH are each the agent of the other for purpose of receiving charges, and thus a filing with one agency is a constructive filing

---

[5] Noce also argues the Noce Plaintiffs cannot cure their failure to exhaust administrative remedies by "piggybacking" on later-filed charges under the single-filing rule. (*Id.* at 25.) However, because the Court concludes that Noce Plaintiffs exhausted their administrative remedies, the Court need not and does not address whether Noce Plaintiffs can "piggyback" on later-filed charges.

[6] The Court undertakes the same administrative exhaustion analysis for both Title VII and FEHA because they impose identical requirements and equitable exceptions. *Noel v. City of Oroville*, No. 2:07-CV-00728-WBS-EFB, 2007 WL 3034815, at *6 (E.D. Cal. Oct. 16, 2007) ("[U]nder California law, failure to list the individual defendants in the administrative complaint precludes a civil action against those individual defendants."); *Rago v. Select Comfort Retail Corp.*, No. ED CV 19-2291 FMO (SPx), 2021 WL 5861556, at *4 (applying Title VII equitable exceptions in the FEHA context).

with another. *See e.g.*, *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 585 (9th Cir. 2000).

However, a charge of discrimination should be construed "with the utmost liberality." *EEOC v. FarmerBros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994); *see also Chung v. Pomona Valley Cmty. Hosp.*, 667 F.2d 788, 792 (9th Cir. 1982). District courts may preside over suits that either "[fall] within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *FarmerBros. Co.*, 31 F.3d at 899. To that end, Title VII and FEHA charges can still be brought against a person not named in an EEOC charge "as long as they were involved in the acts giving rise to the EEOC claims." *Thompson v. DeLallo's Italian Foods, Inc.*, 63 F. Supp. 3d 1200, 1204 (E.D. Cal. 2014) (citing *Wrighten v. Metropolitan Hosp.*, 726 F.2d 1346, 1352 (9th Cir. 1984)). Accordingly, a court has jurisdiction over defendants not named in an EEOC complaint when the EEOC or the defendants themselves "should have anticipated the claimant would name those defendants in a Title VII [or FEHA] suit." *Thompson*, 63 F. Supp. 3d at 1204 (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990)).

As an initial matter, the Court disagrees with Plaintiffs' contention that Noce waived its administrative exhaustion defense. Plaintiffs attempt to support their argument by relying on the Supreme Court's opinion in *Fort Bend*, but *Fort Bend* stands for the proposition that Title VII's charge-filing requirement is non-jurisdictional. 587 U.S. at 552. In making its determination, the Supreme Court affirmed the Fifth Circuit's decision, which stated that a defendant failed to timely raise its administrative exhaustion defense by allowing five years and an entire round of appeals to pass before asserting it. *Id.* at 547. To the extent Plaintiffs seek to rely upon *Fort Bend's* discussion of Fifth Circuit precedent, federal district courts in the Fifth Circuit have recognized that raising an administrative exhaustion defense in a responsive pleading is sufficient to preserve the issue and forego waiver. *Machuca*, 2020 WL 13610162, at *5. Moreover, this Court has made a similar finding in an instance where a defendant raised an administrative exhaustion argument in its answer. *Thompson*, 63 F. Supp. 3d at 1203 (finding Defendants had not waived their exhaustion argument because "Defendant mentioned in the Answer that the named defendant in the complaint was not actually Plaintiff's employer"). To that end, since Noce

specifically raised its administrative exhaustion defense in an answer to Plaintiffs' first amended complaint, the Court concludes Noce has sufficiently preserved this issue and did not waive its defense. (ECF No. 29 at ¶ 28.)

However, the Court finds Noce's administrative exhaustion defense as it relates to the Noce Plaintiffs unavailing. Although it is undisputed that the Noce Plaintiffs failed to name Noce in their charges of discrimination, it is also undisputed that Noce Plaintiffs worked for Noce. (ECF No. 41-26 at 6–8, 18–20.) In *Thompson*, the plaintiff named DeLallo's Italian Foods, Inc. ("DIF") as a defendant in his first amended complaint without initially identifying DIF in his charges of discrimination. 63 F. Supp. 3d at 1203. Since the plaintiff was DIF's employee, the Court concluded that the plaintiff's allegations of wrongful and/or illegal employment practices involved DIF and/or DIF's work environment. *Id*. For that reason, the Court held that the plaintiff exhausted his administrative remedies because DIF should have anticipated being named as a party in the plaintiff's Title VII suit. *Id.* at 1204 (citing *Sosa*, 920 F.2d at 1458). Similarly, like the plaintiff in *Thompson*, Noce Plaintiffs allege wrongful conduct and/or illegal employment practices in their charges of discrimination, which necessitates that their claims involved Noce and/or Noce's work environment. *See id.* Thus, Noce should have anticipated Noce Plaintiffs would name it in a Title VII or FEHA suit. *Thompson*, 63 F. Supp. 3d at 1204; *see Sosa*, 920 F.2d at 1458.

For these reasons, the Court concludes Noce Plaintiffs exhausted their administrative remedies as Title VII and FEHA claimants. Accordingly, the Court DENIES Noce's motion for summary judgment as to the Noce Plaintiffs.

**VI.   CONCLUSION**

For the foregoing reasons, Noce's Motion for Summary Judgment is hereby DENIED. (ECF No. 40-1.) The Court hereby ORDERS the parties to file a Joint Notice of Trial Readiness within thirty (30) days of the electronic filing date of this Order indicating their readiness to proceed to trial on Plaintiff's claims.

//

//

IT IS SO ORDERED.

Date: March 27, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE