UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA BARRERA; et al., | No. 2:21-cv-01454-TLN-AC |
| Plaintiffs, | |
| vs. | **FINAL PRETRIAL ORDER** |
| PRIMA FRUTTA PACKAGING, INC.; et. al., | Trial Date: August 17, 2026<br>Time: 9:00 a.m. |
| Defendants. | |

The Court held a Final Pretrial Conference on June 11, 2026.  (ECF No. 61.)  Attorneys Hector Martinez and Cody Bolce appeared for Plaintiff.  Attorneys Joseph Wheeler, Alden Parker, and Justina Yassa appeared for Defendants.  After the hearing, the Court makes the following findings and orders:

I.    **JURISDICTION / VENUE**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Supplemental jurisdiction exists under 28 U.S.C. § 1367 as to related state-law claims.  Venue is appropriate in the Eastern District of California, Sacramento Division, under 28 U.S.C. § 1391.

///

1

## II.     **JURY OR NON-JURY TRIAL**

The parties demand a jury trial.  Accordingly, this matter shall be tried before a jury.  The Court will empanel **eight (8) jurors**.

## III.     **DATE AND LENGTH OF TRIAL**

Trial is scheduled for **Monday, August 17, 2026**.  The Court will set aside **twelve (12) days** for trial and **five (5) reserve days**.

## IV.     **TIME LIMITS FOR OPENINGS, CLOSINGS, AND REBUTTAL**

Plaintiff and Defendants will each have **twenty-five (25) minutes** for opening statements, and up to **forty-five (45) minutes** for closing arguments.

## V.     **UNDISPUTED FACTS**

The parties agree to no undisputed facts.

## VI.     **DISPUTED FACTUAL ISSUES**

The following facts are the disputed factual issues between the parties:

1. Whether Defendants Prima Frutta Packing, Inc. ("Prima Frutta") and Prima Noce Packing, Inc. ("Prima Noce") are "covered" employers for purposes of Title VII, the ADEA, and the FEHA.

2. Whether Plaintiff Irma Barrera was an employee of Prima Frutta, is a Latina woman over 40, timely filed a charge of discrimination against Prima Frutta alleging discrimination based on sex, age, and national origin, and alleging retaliation for protected activity, and received a right-to-sue letter.

3. Whether Plaintiff Leticia Castillo was an employee of Prima Frutta, is a Latina woman over 40, timely filed a charge of discrimination against Prima Frutta alleging discrimination based on sex and age, and alleging retaliation for protected activity, and received a right-to-sue letter.

4. Whether Plaintiff Bartola Cisneros was an employee of Prima Frutta, is a Latina woman over 40, timely filed a charge of discrimination against Prima Frutta alleging discrimination based on sex, age, and national origin, and alleging retaliation for protected activity, amended her charge of discrimination against Prima Frutta to add "The complete

list of my employers that I believe have discriminated against me are those listed above, as well as Prima Noce, Inc.; A Sambado & Sons, Inc.; and Timothy Sambado," and received a right-to-sue letter.

5. Whether Plaintiff Artemiza Rosas was an employee of Prima Frutta, is a Latina woman over 40, timely filed a charge of discrimination against Prima Frutta alleging discrimination based on sex, age, and national origin, and alleging retaliation for protected activity, and received a right-to-sue letter.

6. Whether Plaintiff Beatriz Salazar was an employee of Prima Frutta and Prima Noce, is a gay Latina woman, timely filed a charge of discrimination against Prima Frutta alleging discrimination based on sex, including sexual orientation, and alleging retaliation for protected activity, and received a right-to-sue letter.

7. Whether Plaintiff Raquel Salazar was an employee of Prima Frutta and Prima Noce, is a Latina woman, timely filed a charge of discrimination against Prima Frutta, alleging discrimination based on sex and age, and alleging retaliation for protected activity, and received a right-to-sue letter.

8. Whether Plaintiff Neli Serrano was an employee of Prima Frutta, is a Latina woman over 40, filed a charge of discrimination against Prima Frutta alleging discrimination based on sex, age, and national origin, and alleging retaliation for protected activity, and received a right-to-sue letter.

9. Whether Plaintiff Veronica Torres was an employee of Prima Frutta and Prima Noce, is a Latina woman over 40, filed a charge of discrimination against Prima Frutta alleging discrimination based on sex, age, and national origin, and alleging retaliation for protected activity, and received a right-to-sue letter.

10. Whether Plaintiff Maria Elena Lopez was an employee of Prima Frutta. Plaintiff Lopez, is a Latina woman over 40, filed a charge of discrimination against Prima Frutta, and identifying Defendants Prima Noce, Sambado & Sons, Inc., and Timothy Sambado" as additional employers, alleging discrimination based on sex, age, and national origin, and alleging retaliation for protected activity. She received a right-to-sue letter.

3

11. Whether in 2004, Prima Frutta entered into a five-year consent decree with the Equal Employment Opportunity Commission, agreeing to comply with Title VII anti-discrimination requirements, revise its non-discrimination policies to include gender and national origin discrimination, increase training, and report regularly to the EEOC regarding complaints of discrimination, as well as paying a fine.

12. Whether Defendants subjected Plaintiffs to discriminatory verbal abuse, such as:

    a. Referring to Plaintiffs using insulting terms derogatory of Plaintiffs' based on their age and sex, such as "viejas huevonas" (lazy old women), "yonques" (junk, or junkyard), "worthless," and "bitches."

    b. Insulting Plaintiffs' work performance with reference to their age.

    c. Referring to Plaintiffs using terms derogatory of Plaintiffs' national origin, such as "stupid Mexicans," "fucking Mexicans," "dirty Mexicans," or "donkey Mexicans."

13. Whether Defendants made work assignments and policy decisions motivated by workers' age and sex, such as:

    a. Segregating their workforce by gender and excluding women from higher-paying jobs.

    b. Failing to provide Plaintiffs with work assignments because of their age.

    c. Sending older women to an isolated, disfavored area referred to as "the asylum" or the "junkyard."

    d. Monitoring the bathroom use of women, but not men, and reprimanding women who took "too long" in the bathroom.

    e. Preventing women, but not men, from using the bathroom when they needed to.

14. Whether Plaintiffs' age, sex, and/or national origin were a substantial motivating reason for Defendants' conduct.

15. Whether Plaintiffs complained about Defendants' allegedly discriminatory conduct.

16. Whether Defendants failed to prevent the allegedly discriminatory conduct.

17. Whether Defendants retaliated against Plaintiffs after they complained of discriminatory conduct.

4

18. Whether Plaintiffs were harmed by Defendants' conduct.

19. Whether Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

20. Whether Prima Frutta and Prima Noce are joint employers.

    a. Whether Prima Frutta and Prima Noce use the same packing facilities and office space at 16461 E. Comstock Road, Linden, California 95236.

    b. Whether a single payroll office staffed by Prima Frutta employees serves both Prima Noce and Prima Frutta, and trainings are provided jointly to Prima Frutta and Prima Noce personnel.

    c. Whether, when Prima Frutta lines shut down early, Prima Frutta employees may choose to work on Prima Noce production lines for the remainder of the working day.

    d. Whether Prima Frutta manages Prima Noce employees through a management agreement. Complaints by Prima Noce employees are brought to the Prima Frutta human resources department. If a Prima Noce employee brings a complaint to a supervisor, that complaint is reported to Prima Frutta and investigated by a Prima Frutta human resources manager.

21. Whether Prima Frutta and Prima Noce are an integrated enterprise.

22. Whether each Plaintiff properly and timely exhausted her administrative remedies as to all claims.

23. Whether any of Plaintiffs' claims are barred by the applicable statutes of limitations.

**VII.    DISPUTED EVIDENTIARY ISSUES AND MOTIONS *IN LIMINE***

The Court sets the filing deadline for motions *in limine* as **July 27, 2026**. Opposition briefs are due by **August 3, 2026**. Reply briefs are due by **August 10, 2026**. A hearing to rule on the motions *in limine* will take place on **August 17, 2026 at 9:00 a.m**. in Courtroom 2.

**VIII.    POINTS OF LAW**

The parties shall alert the Court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this Court no later than **fourteen (14) days** prior to the date of trial in accordance with Local Rule 285.

IX. **ABANDONED ISSUES**

Plaintiffs did not seek class certification.

X. **WITNESSES**

The parties' lists of prospective witnesses are memorialized in the Amended Joint Pretrial Statement (ECF No. 58) and are incorporated herein.

A. No other witnesses will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness will testify for the purpose of rebutting evidence that could not be reasonably anticipated by the filing date, or (2) the witness was discovered after the filing date and the proffering party makes the showing required in section B below.

B. Upon the post-pretrial discovery of witnesses, counsel shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless: (1) the witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if time permitted, counsel proffered the witnesses for deposition; and (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

XI. **EXHIBITS**

The parties' lists of proposed exhibits are memorialized in the Amended Joint Pretrial Statement (ECF No. 58) and are incorporated herein. The parties are ordered to meet and confer and, if possible, stipulate to the authenticity and admissibility of exhibits prior to trial.

The parties shall file a Final Joint Exhibit List no later than **August 10, 2026**. The list should indicate which exhibits are stipulated and those to which any party objects. Plaintiffs' exhibits shall be listed numerically. Defendants' exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for Plaintiffs and blue for Defendants. After three letters, note the number of letters in parenthesis (*i.e.*, "AAAA(4)") to reduce confusion during the trial. All multi-page exhibits shall be fastened together and each page within the exhibit shall be numbered. All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions that may be used to

impeach witnesses.

Each party may use an exhibit designated by the other.  In the event Plaintiffs and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.  The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

A.      The Court will not permit introduction of other exhibits unless: (1) the party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not be reasonably anticipated prior to pretrial, or (2) the exhibit was discovered after the pretrial and the proffering party makes the showing required in paragraph "B" below.

B.      Upon the post-pretrial discovery of exhibits, the counsel shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates: (1) the exhibits could not reasonably have been discovered pretrial; (2) the Court and counsel were promptly informed of their existence; and (3) counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel.  If the exhibit(s) may not be copied, the proffering counsel must show that he or she has made the exhibit(s) reasonably available for inspection by opposing counsel.

C.      Each party is directed to present one copy of the exhibit(s) and the final exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., on August 10, 2026**, or at such earlier time as may be ordered by the Court.  The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter.  Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.

D.      It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if needed.

## XII.    DISCOVERY DOCUMENTS

A.      Lodging Deposition Transcripts and Video Files

It is the duty of counsel to ensure that any deposition transcripts that are to be used at trial have been lodged with the Clerk of the Court **not later than August 10, 2026**.  Counsel are

cautioned that failure to discharge this duty may result in the Court precluding use of the depositions at trial or imposition of such other sanctions as the Court deems appropriate.

B.    Use of Depositions

If the parties intend to use depositions at trial, they are ordered to file with the Court and exchange between themselves **no later than August 10, 2026**, a final statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

C.    Interrogatories and Admissions

To the extent the parties intend to offer or read into evidence any portions of Answers to Interrogatories or Admissions, a final statement designating those discovery responses shall also be filed and exchanged **no later than August 10, 2026** (except portions to be used only for impeachment or rebuttal).

**XIII.   FURTHER DISCOVERY OR MOTIONS**

Discovery has closed and the deadline to file dispositive motions has passed.  The parties anticipate no further discovery.  The parties must continue to comply with their discovery obligations including their duty to supplement discovery responses under Federal Rule of Civil Procedure 26(e).

**XIV.   STIPULATIONS**

There are no stipulations between the parties.

**XV.    AMENDMENTS**

The parties previously stipulated to the dismissal of Defendants A. Sambado & Sons, Inc.; Primavera Marketing, Inc.; and Timothy Sambado.  The parties do not anticipate any further amendments or dismissals.

**XVI.   JOINT STATEMENT OF THE CASE**

The parties are directed to meet and confer and shall file a short joint statement of the case to be read to the jury at trial **no later than August 10, 2026**.  If the parties are unable to agree to a joint statement, the parties may submit separate statements **no later than August 10, 2026**, or the Court may provide its own brief case statement.

## XVII. SEPARATE TRIAL OF ISSUES

There will be no separate trial of issues.

## XVIII. IMPARTIAL EXPERTS – LIMITATION OF EXPERTS

The parties do not seek appointment of an impartial expert or any limitation on the number of expert witnesses.

## XIX. ATTORNEYS' FEES

Plaintiffs' Position: Plaintiff will be seeking attorneys' fees as prevailing party by post-trial motion, pursuant to Local Rule 293 and Federal Rules of Civil Procedure 54(d).

Defendants' Position: None provided.

## XX. TRIAL EXHIBITS AND TRIAL PROTECTIVE ORDER

Neither party requests a trial protective order or special handling of trial exhibits pursuant to Local Rule 138(e).

## XXI. PROPOSED JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORM

A.    Jury Instructions

Counsel are directed to meet and confer and to attempt to agree upon a joint set of jury instructions.  If the parties are unable to agree to a joint set of jury instructions, the parties shall file a set of stipulated jury instructions, then the parties may file and submit additional proposed jury instructions through separate filings.  Pursuant to Local Rule 163, proposed jury instructions shall be filed with the Court **no later than August 10, 2026.**  The filed proposed jury instructions shall also be submitted via email as a Word document to Courtroom Deputy Clerk, Michele Krueger (mkrueger@caed.uscourts.gov).

Counsel shall use the Ninth Circuit Model Jury Instructions and any revisions.  Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is unavailable.  All instructions shall be, to the extent possible, concise, understandable, and free from argument. *See* Local Rule 163(c).  **Any modifications of instructions from statutory authority, case law, or from any form of pattern instructions must be specifically noted and explained by underlining additions and bracketing deletions or redlining.**

///

B.     Verdict Form

The parties shall file a joint verdict form concurrently with proposed jury instructions **no later than August 10, 2026**.  If necessary, a special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired.  *See* Local Rule 163(e). The parties shall include a second separate verdict form as to the amount of punitive damages.

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

C.     Voir Dire

The parties shall submit proposed voir dire questions to the Court.  The Court reserves the right to conduct all examination of prospective jurors.  Pursuant to Local Rule 162.1, the voir dire questions shall be filed with the Court **not later than August 10, 2026**.

## XXII.  AUDIO / VISUAL EQUIPMENT

The parties are required to notify the Courtroom Deputy Clerk, Michele Krueger, **twenty-one (21) days before trial**, if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence.  There will be one date and time for such orientation.

## XXIII. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **fourteen (14) days** from the entry of this Final Pretrial Order to object to any part of the order or to request augmentation to it.  A Final Pretrial Order will be modified only upon a showing of manifest injustice.  If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

**Date: June 19, 2026**

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE